The next case this morning is 523-0704, People v. Bieser. Arguing for the appellant is Allison Golish. Arguing for the appellee is Jessica Theoratos. Each side will have 10 minutes for their argument. The appellant will also have 5 minutes for rebuttal. Please note, only the clerk of the court is permitted to record these proceedings today. Ladies, Ms. Golish, are you ready to proceed? I am, Your Honor. Okay, you may do so. Good morning, counsel, Your Honors. My name is Allison Golish, and I represent Mr. Frank Bieser in this appeal. We are here today because of the consistent, ineffective representation of counsel. First, counsel affirmatively misadvised Mr. Bieser of the consequences of his guilty plea. Second, counsel failed to properly raise this ineffectiveness in the post-plea motion, then again at the post-plea hearing, then again at the second post-plea hearing, and again following remand from this court at the third post-plea hearing. And third, counsel's failure to amend these deficiencies in the post-plea motion and at the hearing affirmatively rebutted his Rule 604D certificate. Turning to the first issue, counsel affirmatively misadvised Mr. Bieser when he inaccurately informed him that the guilty plea would not impact his driver's license. Accordingly, counsel did not provide the constitutionally required assistance as counsel's performance was both deficient and prejudiced Mr. Bieser's decision to take the plea. This court in Boyd explicitly found plea counsel performs deficiently when he gives incorrect advice on a collateral consequence of the plea. Plea counsel did so in this case, as established by the record at the plea hearing. The circuit court here told Mr. Bieser it was not sure that this conviction may have a collateral effect on his driver's license. Mr. Bieser responded to this that he did not understand. At this point, the circuit court deferred to counsel for clarification. Plea counsel said he did not believe there would be any effect on Mr. Bieser's driver's license. And the circuit court, while unsure of plea counsel's advice, said, but it's a felony involving a motor vehicle, so I just want to make sure you understand. Mr. Bieser responded he understood he could lose his wholesale license. There was no further discussion or clarification from the court, nor from counsel. Instead, at this point, the circuit court accepted Mr. Bieser's guilty plea. But counsel's representations were objectively wrong. Two weeks later, Mr. Bieser's driver's license was indeed revoked. The Secretary of State revoked his license under statute as a matter of course, due to his possession of a stolen motor vehicle conviction qualifying as a felony in the commission of which a motor vehicle was used. Let me stop you for one second. Wasn't one of the post-conviction hearings didn't the defendant basically say that he understood that the conversation was about his driver's license and not about the dealer's license? No, Your Honor. He said that he understood the conversation at the plea hearing to be about his driver's license. That's correct. But he did not understand the collateral consequences to his driver's license. So as we just went over, they were discussing his driver's license. He said there was a discussion, but then plea counsel told him it would not apply. And then when asked at the hearing, so did you believe there could be this collateral consequence to your driver's license? Mr. Bieser unequivocally answered no, and then responded he thought it would impact his wholesale license. So he understood that we're talking about his driver's license, but not the collateral consequence, which is what's important here. What about the position, though, that the court's admonishment cleared that? Can you address that? Yes, Your Honor. That is incorrect for a couple of reasons. First, the court's admonishment happened before counsel's misadvice, so it couldn't clarify anything that happened after it gave its admonishment. Second, the admonishment itself was not any more clear than counsel's advice. In fact, it said, as we discussed, that it was not sure, that it maybe would. And then it deferred to counsel and just accepted counsel's misrepresentation and didn't clarify further that the collateral consequence could happen. The court itself also recognized at the post-plea hearing that Mr. Bieser possibly misunderstood and did not believe that this collateral consequence would happen. So even if the court did advise Mr. Bieser kind of equivocally, that doesn't cure counsel's deficient performance here, which is what is at issue. And as we discussed, Mr. Bieser testified that he did not understand. And truly, this is an unknowing plea based on counsel's misrepresentations, which happened after the circuit court said anything about the potential collateral consequences. And I would point this court to Pupil v. Hoar, which discussed how the circuit court's equivocal admonishments can't cure unequivocal misadvice from counsel. Ms. Golish, didn't this arise because the court asked the question, now is it collateral effect? You understand that I'm not sure that a possession of a stolen vehicle may have collateral effect on your driver's license. Do you understand that? And your client said, no, sir. He actually said, no, he didn't understand it. Correct. That's his case. He did not understand it. And then when clarification came, it was the incorrect clarification. He was then told incorrectly it wouldn't have an effect. That's when Mr. Mangus said, I do not believe that it does. Correct. Okay. All right. And that's just for the recording. It's a R57 of the record. Thank you. And just for further clarification, even if Mr. Mangus, the plea counsel in this case was confused, it's incumbent on counsel to offer informed advice and not simply just take his best guess. He could have contacted the Secretary of State's offer for clarification as these happen as a matter of course. But counsel here allowed the plea to proceed. And as a result, Mr. Beazer lost his driver's license. Also, Mr. Beazer relied on this bad advice. I think that it's important to note in prejudice for this kind of case, it's a different standard. In the United States Supreme Court case, Lee, it said that we should focus on Mr. Beazer's decision making here and whether it be irrational for a defendant in the same position to reject the plea. So looking at the totality of the circumstances, would it be irrational for someone in the same position to reject it? And that's not any defendant. We can disagree on whether or not we ourselves would have rejected the plea, but it's focused on Mr. Beazer's decision making. And here he repeatedly maintained he would have rejected the plea had he known of this driver's license consequence. He testified how important it was to him that this was a big thing for him. It has crippled his ability to make money and to run his business. Not only was it detrimental to his livelihood, but also his daily life. He lives over 10 miles away from the probation office, from being able to get groceries from the pharmacy. And significantly, the importance of his driver's license to him is an undisputed fact here. And so it's important to note that he relied on this bad advice. It resulted in him getting his driver's license revoked. And therefore, we would just ask the court to reverse the judgment of the circuit court denying the motion to withdraw the guilty plea and remand with directions to allow Mr. Beazer to withdraw that plea. Moving to the second issue in this case, if the court has no further questions. Post-plea counsel operated under an actual conflict of interest when he implicitly raised his own ineffective assistance of counsel at the plea stage and his post-plea motion at the hearing, but failed to zealously and competently argue this issue. So we need not, Mr. Beazer does not have to show prejudice in this case, just that counsel's performance was adversely affected. On page 65 of the common law record, you can see the motion there. All that was raised was that Mr. Beazer was unaware. But this unawareness was not attributed to counsel's deficient performance, which was apparent from the record. Sorry, I thought someone was asking. The record here demonstrates that post-plea counsel's performance was adversely affected by the fact that he raised it as a due process claim instead of the meritorious ineffective assistance of counsel claim. This court can look at People v. Canard in the Fourth District, which dealt with a very similar issue there. Counsel raised defendant's lack of understanding of a collateral consequence, but failed to attribute it to his own deficient advice. The appellate court found this was not zealous advocacy and that was affected by the conflict and then remanded for necessary conflict-free counsel. So at the very least, this court should remand for new post-plea proceedings with conflict-free counsel. Another reason, the third reason that this court should remand for, again, new post-plea proceedings is because counsel failed to comply with Rule 604D and their obligation to adequately present this claim. Again, very similar here, presented a due process claim, should have presented an ineffective assistance of counsel claim and attributed the unawareness to his own performance. This court can look at People v. Joseph from the First District for, again, a very similar issue. Again, raised it as a due process-esque claim, really should have been an ineffective assistance of counsel claim. This established noncompliance with Rule 604D, and therefore the court remanded for new post-plea proceedings in compliance with Rule 604D. So this court should do so here. So again, the record sufficiently established that Mr. Vieser's plea was unknowing as he relied on counsel's misrepresentations. As such, this court should remand with directions to allow Mr. Vieser to withdraw for new, because of this unknowing plea. And at the very least, this court should be, this case should be remanded, excuse me, for new post-plea proceedings. The same counsel represented Mr. Vieser during both plea and post-plea proceedings. This counsel operated under an actual conflict of interest when he argued the withdrawal motion in due process terms instead of recognizing his own ineffective assistance at the plea hearing. And similarly, counsel failed to comply with his obligations under Rule 604D by failing to advance this proper claim of ineffective assistance of counsel. Thus, if this court finds it precluded from deciding the merits of the ineffectiveness claim at this time, which we contend it is not, but if it is, this court should nonetheless remand for new post-plea proceedings with conflict-free counsel to comply with Rule 604D. Thank you, Your Honors. I have one question. And that is, let's suppose we would find that your client was inaccurately advised of the consequences of his plea. What relief would you be seeking under that finding, as opposed to the relief if there was a conflict in counsel? Is there a different set of relief that you would be asking for? Yes, Your Honor. So for the first issue, we would like to reverse the judgment of the circuit court denying the motion to withdraw the guilty plea and remand with the directions to allow Mr. Vieser to withdraw his plea. So to skip post-plea proceedings and just let it get set for trial so that he can go have his day in court on these charges. And then issue two and three would be remanded for new post-plea proceedings with conflict-free counsel who can comply with Rule 604D and properly present this claim to the court. But just as a final matter, this has been going on for two years with many hearings, and we really contend that for judicial economy, for Mr. Vieser's sake, that he just is allowed to withdraw his plea outright so that we're not here again in another year or two litigating the same issue. Okay. Justice Barberas? Questions? No, thank you. Is it similar? No questions. Okay. Thank you, Ms. Golish. Thank you, Your Honor. Ms. Theodoratos? I got it close. That was perfect, Your Honor. You may give us your argument. Thank you. May it please the court. Good morning. My name is Jessica Theodoratos, and I represent the people. First, the trial court did not abuse its discretion in denying defendant's motion to withdraw a guilty plea. Whether a defendant's plea was knowing and voluntary depends on whether the defendant was provided effective assistance of counsel. And challenges to guilty pleas that allege ineffective assistance of counsel are subject to the standards set forth by Strickland v. Washington. Defendant cannot establish the first prong under Strickland because the trial counsel was not objectively unreasonable. The people submit that trial counsel's belief that defendant's conviction for possession of a stolen motor vehicle would not affect his driver's license was not objectively unreasonable based on a review of the statutes because a simple review of the statute would not necessarily lead a reasonable attorney to believe that the conviction would result in the revocation of defendant's driver's license. But let me stop you there, counsel, if I may. I mean, the judge raised the issue. Wouldn't there have been time to stop the proceedings and counsel to review and determine what the effect would have been on the license? That that would have been an option, sure, but defense counsel believes that it wouldn't apply. And I don't believe that that belief was objectively unreasonable just based off of my reading of the statutes. And it was it was a mistaken belief. It turned out to be incorrect. But I don't think that it was objectively unreasonable for counsel to think that it wouldn't apply here. Defendant cannot establish prejudice under the second prong of the Strickland test and cannot show that there is a reasonable probability that but for counsel's errors, he would have pleaded guilty and would have insisted on going to trial. Here, the trial court admonished defendant that there could be collateral consequences to his driver's license, even though counsel stated he did not believe the consequences apply to defendant. The trial court's admonishment put defendant on notice that there could be consequences and then defendant decided to plead guilty. So he should not be able to argue that his plea was not made knowingly. The defendant must convince the court that a decision to reject the plea would have been rational under the circumstances. Ultimately, defendant was facing up to 30 years in prison for the class one felonies, and it would have been unreasonable for him to reject the offered plea of probation. The trial court did not err in denying defendants motion to withdraw guilty plea. Turning to the second issue, the people submit that defendant did not receive ineffective assistance of counsel at the post plea stage. As previously argued, defendant did not have the availability of a meritorious argument for plea withdrawal due to ineffective assistance of counsel. Trial counsel was not unreasonable and did not fall below an objective standard under Strickland. Furthermore, defendant was advised by the trial court contradicting his counsel's advice, leaving him unprejudiced by counsel's misrepresentation. Post plea counsel represented defendant at the plea hearing as well. So a conflict does exist, but an actual conflict does not require reversal unless defendant shows a specific defect attributable to the conflict. The record here demonstrates that counsel's conflict did not affect his performance because he accepted fault in his bad advice and did attempt to elicit testimony from defendant that defendant relied on his bad advice. Counsel, I'm going to interrupt you again. How do you square that with the Kennard case out of the 4th District? Isn't this case analogous to the Kennard case? It is similar, but I do think that the advice offered is different. Here, it was immediately brought up that, hey, there might be some consequences. Defense attorney said, no, they might not apply. And it's unclear if they should have applied to defendant. Does that answer your question, Your Honor? I'm not sure. I'm not sure I follow what you're saying. I mean, it's my understanding that in Kennard that the court found that there was an actual conflict and that the defendant was entitled to conflict-free counsel. How is that not the case here? It seemed in Kennard that the defense attorney there was downplaying their involvement. And so here my argument is that the defense attorney here was completely forthcoming and it did not impact his performance. All right. Thank you. You're welcome. Third, remand is not required because Illinois Supreme Court Rule 604D was substantially complied with. Defense counsel filed a facially valid certificate. So the question becomes whether the record refutes defense counsel's certificate. Defendant alleges post-plea counsel's certificate is refuted because post-plea counsel failed to allege in the motion to withdraw guilty plea that defendant was unaware of the consequence of having his license revoked. But the record provides defendant was admonished by the trial court that there could be collateral consequences to his driver's license. So the contention that he should have included a claim of his own ineffectiveness fails. Furthermore, the trial court even inquired of defendant whether post-plea counsel had complied with Rule 604D and confirmed with defendant the contents of the certificate on the record. This is a rare scenario where the defendant on the record stated he believed the motion addressed all his contentions. So the record here does not rebut Rule 604D compliance. In conclusion, the people respectfully request this court affirm the judgment of the trial court. Are there any questions I could answer at this time? Justice Barberis? No, not for me. Thank you. Justice Scholar? No further questions. All right. Does that conclude your argument? Yes, Your Honor. All right. Ms. Golish, thank you. Ms. Golish, you have some rebuttal? Yes, Your Honor. Your Honors, I would like to focus on two points for the purposes of this rebuttal. First, I'd like to discuss prejudice a little bit more in detail for the ineffective disclaim. And second, I'd like to just briefly touch on counsel's performance at the post-plea hearing. So first, it's important for the courts to look at potentially the likelihood of conviction and the likely consequences of rejecting the plea. And the state was correct that Mr. Beazer was facing some prison sentence, a prison sentence here. But this is only one factor in the totality of circumstances the court has to look at, and it's only a factor that could potentially show a lack of prejudice when there's a nearly certain conviction or potentially there was an unattainable benefit from the plea that could not have happened if the defendant went to trial. Here, Mr. Beazer did not receive an unattainable benefit. Even facing a prison sentence, he was still possibly facing probation. He was probation eligible in both cases. And there's nothing about his criminal history or anything pertaining to these charges that was violent that would suggest he would be getting anywhere near close to a 30-year maximum extended sentence here. This is different than a case like People v. Brown in the Illinois Supreme Court where the defendant had an extensive criminal history. It was an extremely violent crime. It was in the commission of a home invasion. The police showed up to the place. He had a gun on them. And they were like, of course it was reasonable for him to take this benefit that was lower than the mandatory minimum in this case. And it would be irrational for anybody in the defendant's position to reject a plea when he was receiving such a great benefit of the plea. Not so here. The factual basis is tenuous, as we discussed in the brief. And the consequences of the plea versus the trial, he could have still received this probation sentence. So it would have been rational for Mr. Beazer to reject this plea had he known about these consequences. Second, I would just like to take the time to address the conflict of interest a little bit further. Counsel did not actually at any point say that he misadvised Mr. Beazer. So he wasn't advancing an ineffective assistance of counsel claim other than just implicitly based on the facts of this case of him being unaware. So this case is, we believe, on all boards with Cunard. And at the very least, this court should remand for new post plea proceedings. Thank you, Your Honors. Justice Barberis, any questions? No, thank you. Justice Scholar? No, thank you. All right. Thank you, counsel, for your arguments here today. This matter will be taken under advisement, and we will issue an order in due course.